IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RANDY W. WILLIAMS, Trustee of the §
Chapter 7 Bankruptcy Estate of §
Chad L. Hall and Dusky D. Hall, §
         Plaintiff, §
        §
v. §   CIVIL ACTION NO. H-13-0990
        §
MICHAEL R. BIESIADA, §
         Defendant. §

## MEMORANDUM AND ORDER

Pending before the Court is the Motion for Leave to Designate an Expert Witness Economist [Doc. # 36] ("Motion") filed by Plaintiff Randy Williams, Trustee of the Chapter 7 Bankruptcy Estate of Chad L. Hall and Dusky D. Hall ("Williams" or "Plaintiff"). Defendant Michael R. Biesiada ("Biesiada" or "Defendant") filed a Response [Doc. # 38] opposing the relief sought, and Williams filed a Reply [Doc. # 42]. After reviewing the record and the applicable legal authorities, the Court **grants** Plaintiff's Motion.

### I.    BACKGROUND

On October 23, 2010, Biesiada discharged a rifle while in his cabin at Cedar Creek Hunting Club in Trinity County, Texas. First Amended Original Complaint [Doc. # 17] ("Complaint"), ¶¶ 6-9. A bullet from the rifle traveled through the wall

of Biesiada's cabin and into Chad Hall's ("Hall") cabin, where it struck Hall in the right thigh.  *Id.*, ¶ 9.  As a result, Hall suffered a life-threatening injury.  *Id.*.

Hall filed a chapter 7 bankruptcy petition on December 8, 2010.  *See* Report and Recommendation [Doc. # 1], ¶ 1.  On December 5, 2012, Williams, as trustee for Hall's bankruptcy estate, filed a complaint with the bankruptcy court against Biesiada and Remington Arms Company, Inc. ("Remington"), seeking money damages for the injuries Hall suffered from the October 23, 2010 shooting.  *Id.*, ¶ 2.  Remington requested a jury trial and asked that the reference of the case to the bankruptcy court be withdrawn, a request that Williams did not oppose.  *Id.*, ¶¶ 3-4.  On April 3, 2013, United States Bankruptcy Judge David Jones, to whom the case was assigned, recommended withdrawal of the reference of the case pursuant to 28 U.S.C. § 157(d).  *See id.*, ¶¶ 8-9.  The Court accepted the recommendation and the matter was transferred to this Court.  *See* Order [Doc. # 3].  On June 3, 2013, the Court granted the parties' Stipulation of Dismissal of Remington, who was dismissed from the case without prejudice.  *See* Order [Doc. # 10].

Under this Court's original scheduling order [Doc. # 23], Plaintiff's expert designations and reports were due on November 1, 2013; Defendant's expert designations and reports were due on December 5, 2013.  *See id.*  On October 16, 2013, the Court granted the parties' joint motion to extend the expert report deadlines,

making Plaintiff's experts' reports due on December 13, 2013, and Defendant's experts' reports due on January 17, 2014 [Doc. # 30]. The parties complied with the new deadlines. *See* Plaintiff's Designation of Expert Witnesses [Doc. # 33]; Defendant's Disclosure of Expert Testimony [Doc. # 35].

In his pending Motion, Williams seeks leave to designate another expert witness—an economist—who was not named in the previous filing. Trustee Williams explains that Debtor Hall gave his deposition on January 24, 2014 (a week after Defendant's expert witness report deadline) and that Hall testified that "he had recently changed jobs due to the injuries he suffered in the shooting." Motion, ¶ 5. Thus, Williams seeks to retain an economist to testify about Hall's future loss of earning capacity as a result of the injuries he suffered. *Id.*

## II. LEGAL STANDARD

Whether to exclude expert testimony for violation of a pretrial order is left to the discretion of the district court. *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 n.2 (5th Cir. 2007). In determining whether to exclude a late-designated witness, the district court should consider: "(1) the explanation for the failure to identify the witnesses; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Id.* at 707; *see generally* FED. R. CIV. P. 16(b)(4); *Marathon Financial Ins., Inc. v Ford*

*Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546 (5th Cir. 2003)) (analyzing factors to establish good cause under Rule 16).

**III.   ANALYSIS**

The Court concludes, in light of the *Betzel* factors, that Williams should be permitted to designate an economist as an expert witness and the pretrial schedule will be further amended.

    **A.   Explanation for Failure to Previously Identify Witness**

Williams, who is the trustee of Hall's bankruptcy estate and not Hall's attorney, states he first learned of the potential need for an economic expert on January 24, 2014, when Hall testified he had recently changed jobs because of the injuries he suffered from the shooting. Motion, ¶ 5. Williams previously knew that Hall had changed jobs and that Hall's new job paid less than his prior position. Reply [Doc. # 42], ¶ 2. It was only after Hall's testimony, however, that Williams discovered Hall claimed he could not perform his prior work, and that there may be a claim for loss of future earning capacity, for which expert testimony is needed. *Id.*

Biesiada responds that Hall accepted his new position on June 3, 2013, and that one of Williams' experts, Dr. George Glass, submitted a report on November 7, 2013, detailing the new position and Hall's pay cut. Response [Doc. # 38], ¶ 2. Thus,

Biesiada argues that Williams had at least six months prior to Plaintiff's expert designation deadline to investigate the reason for Hall's change of jobs. *Id.*, ¶ 3. Additionally, Biesiada argues that there is no documentary evidence to support Hall's deposition testimony and "no competent testimony that Chad Hall's future earning *capacity* has been impaired." *Id.*, ¶¶ 2-3 (emphasis added).

Williams' explanation for his late-designation of an expert economist, while not strong, weighs slightly in his favor. Williams' complaint contains a request for damages for "lost earnings in the future." *See* Complaint, ¶ 38. Williams, the trustee for Hall's bankruptcy estate, is not Hall's attorney.[1] It was only after Hall gave sworn testimony that Williams had a material factual basis to actually move forward with this particular damages request.

Biesiada attempts to distinguish between Hall's potential loss of future earnings and impairment of Hall's future earning "capacity": he argues that while Hall's testimony suggests he may have lost (and will continue to lose) earnings due to his new job, there is no evidence to suggest that Hall's capacity to earn more in the future is impaired. *See* Response, ¶¶ 3-4. Williams has identified testimony that *potentially* supports that theory, that the testimony was presented after the expert

---

[1]  While it is unclear whether Williams failed to inquire or was rebuffed by Hall regarding the reasons for Hall's job change, there is no dispute that Williams learned the facts during Hall's deposition.

designation deadline, and that Williams now can justify the expense to the bankruptcy estate of an expert economist.

### B.   Importance of the Testimony

The second factor—the importance of the testimony—also weighs in Williams' favor.  Williams will need an expert economist to prove likely future damages resulting from Hall's alleged loss of earning capacity.  While an expert economist is not essential to proving Williams' underlying claims, an economist's testimony is important to calculating lost future earnings.  *See Betzel*, 480 F.3d at 707 ("[T]he two experts are still necessary to Betzel's case, particularly to his proof of the cost to rebuild his house.  Without his experts, Betzel cannot prove damages.").

### C.   Potential Prejudice

Plaintiff's experts deadline expired December 13, 2013, six weeks prior to Hall's deposition and almost eight weeks before Williams' motion.  Biesiada would suffer little prejudice by allowing Williams' late-designated expert.  The discovery period in this case has not yet concluded, and no dispositive motions are pending; thus, no significant delay of the Court's schedule will accrue as a result of allowing Williams' proposed witness.  *See Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) (finding prejudice resulting from late designation of an expert witness in disruption of "the court's discovery schedule and the opponent's preparation.").

Biesiada will have adequate time to prepare for the expert's testimony at trial by deposing the witness, challenging the witness's testimony on *Daubert* grounds, if appropriate, and offering his own expert to rebut the witness's testimony. *Betzel*, 480 F.3d at 708. While Biesiada may incur some additional expenses as a result of Williams' new expert, those expenses are no more than what would have been incurred had Williams timely designated the witness and are, in any event, a function of litigating this case.

### D. Availability of a Continuance

To the extent that Biesiada suffers any prejudice here because his experts deadline has passed, the prejudice can be cured through a continuance. The Fifth Circuit "has repeatedly emphasized that a continuance is the preferred means of dealing with a party's attempt to designate a witness out of time." *Id.* at 708 (citing *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998)). In order to provide the parties additional time to prepare and depose their newly-designated experts, the Court will modify the docket control order by extending the discovery deadline for this purpose.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff Randy Williams' Motion for Leave to Designate an

Expert Witness Economist [Doc. # 36] is **GRANTED**. Williams must provide Biesiada with a report from his designated expert witness by **March 3, 2014**. Biesiada, on or before **March 31, 2014**, may designate and serve a report from his own economic and other experts, if any, to rebut Williams' economist's conclusions and to address other issues tied to alleged lost earning capacity. It is further

**ORDERED** that deadlines in this case are modified as follows:

| | |
|---|---|
| Discovery Deadline (all discovery) | April 18, 2014 |
| Motions Deadline | April 25, 2014 |
| Joint Pretrial Order | June 16, 2014 |
| Docket Call (2:00 p.m.) | June 26, 2014 |

SIGNED at Houston, Texas, this  21st   day of **February, 2014.**

_____
Nancy F. Atlas
United States District Judge